IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| SHEFFIE ROBINSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE NO. |
| | ) | _____ |
| LEXIS NEXIS RISK SOLUTIONS | ) | |
| FL, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## **COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 8, Plaintiff Sheffie Robinson respectfully shows the Court the following:

Parties, Jurisdiction and Venue

1. Ms. Robinson is an individual and a "consumer" under 15 U.S.C. § 1681a(c).

2. Defendant Lexis Nexis Risk Solutions FL, Inc. ("Lexis Nexis") is a Minnesota corporation and a "consumer reporting agency" under 15 U.S.C. § 1681a(f). Lexis Nexis is authorized to transact business in the State of Georgia, is subject to the jurisdiction of this Court and can be served with

process by serving its registered agent, CT Corporation System, at 289 S. Culver Street, Lawrenceville, Georgia 30046.

3. The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 because the claims asserted in this civil action arise under the laws of the United States, specifically the Fair Credit Reporting Act (the "FCRA"), 15 U.S.C. § 1681 *et seq.*

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2) and this Division pursuant to Local Rule 3.1B(1) and (3).

## Factual Background

5. Ms. Robinson is the member of a Georgia limited liability corporation called Touco Direct, LLC ("Touco"). Touco designs and manages websites for its customers.

6. In April 2019, Touco entered into negotiations with a company called Klarna, Inc. ("Klarna"), which is a finance company. Klarna allows merchants, like Touco, to provide their customers with the option to finance purchases of goods and services from the merchant.

7. The purpose of the negotiations between Touco and Klarna was for Klarna to offer credit and financing to Touco's customers. In other words, Klarna would offer to finance Touco's customers' purchase of

website design and management services from Touco. As part of the arrangement, Touco would advertise and promote Klarna's services to its (Touco's) customers.

8. In connection with the negotiations between Touco and Klarna, Ms. Robinson did not ask for Klarna to extend financing or credit to her personally, and it was never contemplated that Klarna would extend financing or credit to Ms. Robinson.

9. In early May 2019 and in connection with Touco's negotiations with Klarna, Klarna purchased a consumer report on Ms. Robinson from Lexis Nexis (the "Lexis Nexis consumer report").

10. The Lexis Nexis consumer report included a wealth of personal, confidential and private information regarding Ms. Robinson, including information about Ms. Robinson's criminal record, litigation history, judgments and liens, driver's licenses, voter registration, assets and physical description, among other things.

11. The information contained in the Lexis Nexis consumer report had bearing on Ms. Robinson's character, general reputation, personal characteristics, or mode of living and that information was collected by Lexis

Nexis in whole or in part for one or more of the permissible purposes listed in 15 U.S.C. § 1681b(a).

12. Klarna did not notify Ms. Robinson that it was obtaining the Lexis Nexis consumer report from Lexis Nexis, and Ms. Robinson was not otherwise aware that Klarna had obtained the Lexis Nexis consumer report.

13. Ms. Robinson did not authorize Klarna to obtain a consumer report on her from Lexis Nexis or any other consumer reporting agency.

14. Ms. Robinson did not authorize Lexis Nexis, or any other consumer reporting agency, to provide a consumer report on her to Klarna.

15. Lexis Nexis did not have a "permissible purpose" under 15 U.S.C. § 1681b(a) to provide the Lexis Nexis consumer report on Ms. Robinson to Klarna.

16. On May 6, 2019, a Klarna employee who identified herself as "Spring Koger" notified Ms. Robinson that Klarna (i) had decided that it would not offer financing to Touco's customers and (ii) that its (Klarna's) decision was based on the results of Ms. Robinson's "criminal background check," which was a reference to the Lexis Nexis consumer report.

17. After learning that Lexis Nexis had provided a consumer report on her to Klarna without her knowledge or permission, Ms. Robinson was devastated and immediately began to investigate what happened.

18. In the course of her investigation, Ms. Robinson learned that, prior to providing the Lexis Nexis consumer report to Klarna, Lexis Nexis did not require Klarna to certify the purposes for which the information contained therein was sought and certify that the information contained therein would be used for no other purposes, in violation of 15 U.S.C. § 1681e(a).

19. Furthermore, Lexis Nexis did not and does not maintain reasonable procedures designed to limit the furnishing of consumer reports, like the Lexis Nexis consumer report, to end-users having a permissible purpose under 15 U.S.C. 1681b(a), which is also a violation of 15 U.S.C. § 1681e(a).

20. As a result of Lexis Nexis' violations of 15 U.S.C. § 1681b(a) and 15 U.S.C. § 1681e(a), Ms. Robinson has suffered actual damages, including (i) an invasion of her substantive right of privacy with respect to the information maintained in the Lexis Nexis consumer report and (ii) emotional distress as manifested by anxiety, insomnia, embarrassment and

humiliation, inability to focus on work, feelings of helplessness and frustration.

<u>Count 1 — Violation of 15 U.S.C. § 1681b(a)</u>

21.   Lexis Nexis negligently, or in the alternative, willfully violated 15 U.S.C. § 1681b(a) by providing the Lexis Nexis consumer report to Klarna without a permissible purpose as alleged in Paragraphs 9-15 above.

22.   As a proximate result thereof, Ms. Robinson has suffered and is entitled to recover actual damages as alleged in Paragraph 20 above and in an amount to be proven at trial as allowed by 15 U.S.C. § 1681n(a)(1)(A) or 15 U.S.C. § 1681o(a)(1).

23.   In the alternative and as a result of Lexis Nexis' reckless and willful violations of 15 U.S.C. § 1681b(a), Ms. Robinson is entitled to recover statutory damages in the amount of $1,000 per violation as allowed by 15 U.S.C. § 1681n(a)(1).

24.   As a result of Lexis Nexis' reckless and willful violations of 15 U.S.C. § 1681b(a), Ms. Robinson is entitled to recover punitive damages as allowed by15 U.S.C. § 1681n(a)(2).

25. Ms. Robinson is also entitled to recover the costs of this action and her reasonable attorneys fees from Lexis Nexis as allowed by 15 U.S.C. § 1681n(a)(3) or 15 U.S.C. § 1681o(a)(2).

### Count 2 — Violation of 15 U.S.C. § 1681e(a)

26. Lexis Nexis negligently, or in the alternative, willfully violated 15 U.S.C. § 1681e(a) by (i) failing to require Klarna to certify the purposes for which the information contained the Lexis Nexis consumer report was sought, (ii) failing to require that Klarna certify that the information contained therein would be used for no other purposes and (iii) failing to maintain reasonable procedures designed to limit the furnishing of consumer reports, like the Lexis Nexis consumer report, to end-users having a permissible purpose under 15 U.S.C. 1681b(a), as alleged in Paragraphs 18-19 above.

27. As a proximate result thereof, Ms. Robinson has suffered and is entitled to recover actual damages as alleged in Paragraph 20 above and in an amount to be proven at trial as allowed by 15 U.S.C. § 1681n(a)(1)(A) or 15 U.S.C. § 1681o(a)(1).

28. In the alternative and as a result of Lexis Nexis' reckless and willful violations of 15 U.S.C. § 1681e(a), Ms. Robinson is entitled to recover

statutory damages in the amount of $1,000 per violation as allowed by 15 U.S.C. § 1681n(a)(1).

29. As a result of Lexis Nexis' reckless and willful violations of 15 U.S.C. § 1681e(a), Ms. Robinson is entitled to recover punitive damages as allowed by15 U.S.C. § 1681n(a)(2).

30. Ms. Robinson is also entitled to recover the costs of this action and her reasonable attorneys fees from Lexis Nexis as allowed by 15 U.S.C. § 1681n(a)(3) or 15 U.S.C. § 1681o(a)(2).

WHEREFORE, Ms. Robinson respectfully prays that the Court:

1. Issue process to the Defendant;

2. Conduct a trial by jury of all claims asserted herein;

3. Enter judgment in favor of Ms. Robinson as consistent with the jury's verdict; and

4. Grant Ms. Robinson such other and further relief as it deems just and necessary.

This 6th day of February, 2020.

**MCRAE BERTSCHI & COLE LLC**  /s/ *Craig E. Bertschi*
Suite 200, 1350 Center Drive   Craig E. Bertschi
Dunwoody, Georgia 30338   Georgia Bar No. 055739
   ceb@mcraebertschi.com

- 9 -

        678.999.1102

        Charles J. Cole
        Georgia Bar No. 176704
        cjc@mcraebertschi.com
        678.999.1105

        *Counsel for Plaintiff*